IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

**RADLEY BRADFORD,**

    **Plaintiff,**

v.                                                             Case No. 4:24-cv-02410

**EARLY WARNING SERVICES, LLC,**

    **Defendant**

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT

Defendant Early Warning Services, LLC ("EWS" or "Defendant"), by counsel, submits this Memorandum in Support of its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) in response to the Complaint filed against it by Radley Bradford ("Bradford" or "Plaintiff").

## INTRODUCTION

This is an individual action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Dismissal is appropriate because Plaintiff's Complaint does not clearly identify an alleged inaccuracy, confusingly alternates between allegations regarding a single allegedly unauthorized BMO charge and an entire unauthorized BMO account, admits that the alleged inaccuracy Plaintiff is disputing was corrected, does not allege the inaccuracy remains on his EWS report, omits communications from Plaintiff and EWS describing responses to the dispute after EWS's November 9 response, and fails to provide sufficient factual or legal support to state an FCRA claim. Plaintiff's factual and legal deficiencies in its Complaint are inexcusable  Therefore, EWS's Motion to Dismiss should be granted.

1

## I.     FACTUAL BACKGROUND

Plaintiff states one cause of action for violations of the Fair Credit Reporting Act ("FCRA") which includes alleged violations of 15 U.S.C. § 1681e(b), § 1681i(a), and §1681(g). *See* Compl. at ¶¶ 33, 39, and 42. Plaintiff alleges that he possessed a personal checking account with Wells Fargo Bank, N.A. that he closed on November 8, 2022. *Id.* at ¶ 8. Plaintiff alleges that on November 17, 2022, BMO Harris Bank, N.A. ("BMO") reported an automated clearing house ACH charge, with a balance of $35.97 to Plaintiff's Wells Fargo Bank account. *Id.* at ¶ 10. Plaintiff allegedly discovered that "BMO reported unauthorized accounts on Plaintiff's EWS credit report" in November 2023. *Id.* at ¶ 9. Plaintiff alleges Wells Fargo corrected the disputed information and removed the charge but Plaintiff was confused why EWS did not allegedly conduct an investigation of its own or confirm the accuracy of the account before Wells Fargo. *Id.* at ¶ 12.

Plaintiff alleges that on November 7, 2023, he sent a dispute letter to EWS which informed EWS that (1) he was the victim of identify theft, (2) explained the subject account was unauthorized, (3) emphasized he never opened the account or authorized the transaction with BMO, and (4) requested Defendant conduct a full investigation of the account. *Id.* at ¶ 13. A copy of Plaintiff's alleged dispute is attached at attached as **Exhibit 1**.

Plaintiff alleges EWS submitted a response to Plaintiff's dispute shortly thereafter specifying:

> Enclosed you will find a copy of Remedying the Effects of Identity Theft. This document is being furnished to you based upon your statement regarding being an identity theft victim.
>
> A complete copy of EWS's letter to Plaintiff is attached as **Exhibit 2**.

Plaintiff implicitly alleges this was the only response by EWS regarding his dispute and alleges this response failed to address his dispute or provide any information regarding the steps EWS took or would take to investigate the alleged inaccuracies of the subject account and Plaintiff's identity theft claim. *Id.* at 15. Plaintiff further alleges that EWS "failed to resolve the matter or notify BMO of Plaintiff's dispute, leaving Plaintiff uninformed as to the nature of the fraudulent account." *Id.* at 16.

Plaintiff alleges that "Defendant [EWS] knew, or should have known, the inaccuracy of the subject debt when it attempted to report the subject to Defendant [EWS]." *Id.* at ¶ 17. Plaintiff does not allege that his consumer report was ever disseminated after his alleged dispute, that his consumer report continued to report any alleged errors, or specify exactly who any report was disseminated to. *Id.* at ¶ 20. Instead, Plaintiff alleges that to date, EWS has yet to conduct an investigation of the alleged inaccurate information. Plaintiff alleges this has caused him "significant distrust, frustration, distress, and has rendered Plaintiff helpless in his ability to investigate and confirm the accuracies of his consumer credit reports" and he has incurred damages in the form of "expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, loss of the use of funds, and money expended meeting with his attorneys, monitoring his credit file, mental and emotional pain and suffering, and other frustration and aggravation associated with identity theft and possessing accounts that do not belong to him." *Id.* at ¶¶ 22 – 24. Plaintiff does not allege that he has been denied credit or the opportunity to open a bank account.

Plaintiff's Complaint omits facts documenting the entire dispute process and investigation by choosing to singularly base his complaint on the first letter received from EWS on November

8, 2024.  Plaintiff neglects to discuss additional correspondences exchanged between Plaintiff and EWS regarding the Account after Plaintiff's November 7 correspondence was received.  These additional correspondences which can be considered in evaluating the motion to dismiss are attached as **Exhibits 3 – 5** and show that (1) Plaintiff submitted additional information including a consumer ID and FTC Identity theft report on November 9, 2023 (Exhibit 3), (2) EWS notified Plaintiff by letter attached as that it had applied an ID theft block in response to Plaintiff's dispute (Exhibit 4), and (3) the final results of Plaintiff's investigation were communicated in letters sent on December 18, 2023 which notified Plaintiff that the block on his account was rescinded but "Transaction(s) have been removed." Exhibit 5.

## II.     STANDARD OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion challenges whether the complaint states a viable claim.  To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Legal conclusions and conclusory statements are not sufficient to satisfy this burden.  *Id.*; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Although a court must accept as true all factual allegations contained in the complaint, no assumption of truth is afforded to "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement."  *Id.*  "[A] formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

While the Court must generally determine a motion to dismiss for failure to state a claim based solely on the pleadings, the Fifth Circuit allows district courts to consider documents

attached to the motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *U.S. ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co.*, L.P., 491 F. Supp. 3d 220, 230 (N.D. Tex. 2020) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Furthermore, review of limited extrinsic evidence is permitted because, "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* (citing *Collins* at 499). Additionally, in cases regarding the accuracy of a credit report, the Court may consider a copy of the report and responses to the original credit dispute attached to a motion to dismiss because Plaintiff's claims regarding the response's accuracy or alleged lack thereof is referenced throughout the Complaint. *See Huggins v. Trans Union*, LLC, No. 3:21-CV-02418-E, 2023 WL 3361202, at *3 (N.D. Tex. May 10, 2023) ("Thus, because Trans Union attached the Credit Report to the Motion to Dismiss, the Court concludes it may consider the Credit Report in determining whether Plaintiff has adequately alleged that it contained inaccurate information.").

   Accordingly, because Plaintiff's Complaint references communications between Plaintiff and EWS and alleged responses to his dispute, EWS attaches the Plaintiff's November 7, 2023, dispute letter referred to in Paragraph 13 as **Exhibit 1**, EWS's November 8, 2023, letter sent in response to the letter described in Paragraph 14 as **Exhibit 2**, Plaintiff's November 9, 2023, second letter with information supplementing Plaintiff's original dispute letter as **Exhibit 3**, EWS's November 14, 2023, letter sent in response to Exhibit 3 as **Exhibit 4**, and EWS's December 18, 2023, letters sent with the results of the investigation as **Exhibit 5**.

**ARGUMENT**

Plaintiff's claims for violations of the FCRA are legally flawed and do not provide a coherent factual narrative to sufficiently plead an FCRA claim. Accordingly, EWS's motion to dismiss should be granted.

### A.     Plaintiff fails to demonstrate standing.

Dismissal is appropriate because Plaintiff fails to allege an "injury in fact" to establish standing. Article III standing requires that "[P]laintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Here, Plaintiff fails to allege a concrete and particularized injury that goes beyond a bare procedural violation. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016), *as revised* (May 24, 2016) (specifying that concrete and particularized injury must be alleged because a violation of the FCRA's procedural requirements may result in no harm). Plaintiff does not allege he suffered from a reduced credit score, that any inaccurate information in his credit report was disseminated to third parties, that any dissemination damaged him, or that he suffered from a credit denial. *See* Attridge *v. Colonial Sav. F.A.*, No. SA-20-CV-00205-OLG, 2023 WL 6444894, at *4 (W.D. Tex. Sept. 28, 2023) (ruling that the plaintiff did not meet burden of demonstrating concrete harm required under Article III because the plaintiff did not allege instances of credit denial, decreased credit score, or lost credit opportunities as result of the defendant's actions.); *Zlotnick v. Equifax Inf. Servs.*, 583 F. Supp. 3d 387, 391, Civ. No. 21-7089 (E.D.N.Y. Feb. 3, 2022) (rejecting proposition that lowered credit score alone can constitute cognizable injury where plaintiff failed

"to allege any particularized injury or actual dissemination to third-party creditors"). Instead, Plaintiff admits that the disputed information was removed by Wells Fargo (Compl. at ¶ 12) and does not allege it was ever present on an EWS report following Wells Fargo's removal. Plaintiff bases its claim on a factually and legally fictitious allegation that EWS did not take reasonable steps to confirm the accuracy of Plaintiff's credit file *before* it was corrected by Wells Fargo. This allegation is legally insufficient to demonstrate standing and also lacks factual support in the pleadings. Therefore, dismissal is appropriate.

      **B.**      **Plaintiff's Section 1681e(b) allegations fail to state a claim.**

Plaintiff's Section 1681e(b) claim is also insufficiently pled. Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under Section 1681e(b), Plaintiff's complaint must sufficiently allege that: "(1) inaccurate information was included in his credit report; (2) the inaccuracy was due to [defendant's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) [plaintiff] suffered injury; and (4) his injury was caused by the inclusion of the inaccurate entry." *Norman v. Experian Info. Sols., Inc.*, No. 3:12-cv-128-B, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013). Implied in these elements is the requirement that Plaintiff's consumer report be disseminated and shared with a third party. *See Washington v. CSC Credit Servs.*, 199 F.3d 263, 267 (5th Cir. 2000) (overruling district court decision that §1681e did not require consumers to show that their reports were disclosed).

Plaintiff fails to allege sufficient facts to satisfy these elements. Plaintiff's allegations in paragraph 20 that "Defendant has failed to fulfill its duties as a credit reporting agency to investigate inaccurate information through the issuance of false and derogatory credit information

7

and consumer credit reports that it has disseminated to various person and credit grantors, both known and unknown" do not meet or satisfy its pleading requirements. These pleadings are insufficient because Plaintiff did not allege when a consumer report with allegedly inaccurate information was reported, to whom the allegedly inaccurate information was reported, or *how* such inaccuracies resulted from failure to maintain reasonable procedures. *Holloway v. Equifax*, No. 4:23-cv-1038-P, 2024 WL 1741814, at *2 (N.D. Tex. Mar. 25, 2024) (dismissing the plaintiff's Section 1681e(b) claim where she "wholly failed to allege with specificity any non-conclusory facts regarding exactly what information each CRA Defendant reported, much less how it was inaccurate, or how such inaccuracies resulted from a failure to maintain reasonable procedures"); *see also Owens v. Equifax Info. Servs., LLC*, No. 3:20-cv-3614-S, 2021 WL 4267663, at *5 (N.D. Tex. Sept. 19, 2021) (dismissing plaintiff's Section 1681e(b) claim where she "effectively seeks to hold Innovis liable . . . without offering any facts relating to whether or how it failed to adopt reasonable procedures to ensure the accuracy of her information"). Additionally, any general attempt by Plaintiff at mere recitation of the elements necessary to state an FCRA claim is insufficient barring any factual support. *Chambers v. NCB Mgmt. Servs.*, Civil Action No. 4:23-cv-466-ALM-KPJ, 2024 U.S. Dist. LEXIS 43490, at *7 (E.D. Tex. Feb. 14, 2024) (recommending that dismissal was appropriate because the plaintiff did not plead sufficient facts to explain why information reported was inaccurate).

Examination of Plaintiff's pleadings further demonstrates these elemental pleading deficiencies. The Complaint alleges that Plaintiff contacted EWS about the alleged BMO Account on November 7, 2023, to dispute the validity of the ACH transaction with BMO and generally specify that he was the victim of identity theft. *See* Compl. at ¶ 13. EWS's first response detailed in the Complaint provided general information to Plaintiff on his rights and next steps the Plaintiff

8

could take to protect himself from identity theft but does not specify that EWS's investigation concluded. *See* Compl. at ¶ 14 and Ex. 2.

Plaintiff does not allege that he never received additional information from EWS confirming the results of any investigation, that he ever examined his report again after submitting the dispute to confirm that the disputed information remained on his report, that EWS failed to follow reasonable procedures designed to assure the maximum possible accuracy of consumer reports, or that the alleged inaccurate information was included in a consumer report disseminated to another party.[1] To the contrary, Plaintiff pleads that the information was removed by Wells Fargo as requested and does not specify that EWS ever reported the information on his account thereafter. *See* Compl. at ¶ 10. Therefore, Plaintiff's Complaint illustrates that the system worked as designed to address his dispute.

Additionally, the exhibits contradict Plaintiff's unsupported assertion that the November 7, 2023, letter was EWS's only response to his dispute. To the extent the exhibits may be considered in evaluation the motion to dismiss because Plaintiff generally refers to the results of the dispute investigation, the exhibits provide notice that the response to Plaintiff's alleged dispute was not limited the singular November 9 letter. The exhibits demonstrate that reporting of Plaintiff's Wells Fargo was blocked while an investigation took place and that the disputed transaction was removed from his account at the conclusion of the investigation. *See* Exs. 4 & 5. Because Plaintiff does not and cannot plead the existence of an inaccuracy or adequately plead any of the other required elements to state a §1681e(b) claim, the motion to dismiss should be granted.

---

[1] This is likely a strategic choice because EWS's documentation shared informally with Plaintiff and his counsel and attached as Exhibits 1 - 5 demonstrates that additional communications were provided to Plaintiff and his dispute was addressed as Plaintiff desired and in accordance with the FCRA.

### C. Plaintiff's claim under Section 1681i should be dismissed.

Plaintiff's alleged violation of 15 U.S.C. § 1681i should also be dismissed for similar reasons. Section 1681i requires a CRA to "conduct a reasonable reinvestigation" if "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer." 15 U.S.C. § 1681i(a)(1)(A).

Like his claim under Section 1681e(b), Plaintiff has not alleged any specific facts to meet the threshold element that EWS provided an *inaccurate* consumer report on Plaintiff to a third party or that EWS failed to conduct a reasonable investigation. Plaintiff appears to assert and conclude that EWS conducted no investigation or took no action relative to his account. *See* Compl. at ¶ 16 ("Defendant has failed to resolve the matter or notify BMO of Plaintiff's dispute"), ¶ 18 ("Defendant's failure to investigate BMO's reporting …), ¶ 21 ("As of today, Defendant has yet to conduct any investigation of the inaccurate information), ¶ 41 ("Had Defendant taken any steps to investigate Plaintiff's valid disputes…). However, Plaintiff admits the disputed information was removed by Wells Fargo and does not specify that the information was ever present on his EWS report following his alleged dispute.[2] Therefore, allegations that no investigation occurred or an investigation was unreasonable are unsupported and contradicted by the pleadings. Because Plaintiff's Complaint is devoid of pleadings to support a §1681i claim and entirely speculative, dismissal of Plaintiff's §1681i claim is appropriate. *Holloway*, 2024 WL 1741814, at *2 (specifying dismissal of §1681i claim was appropriate because the complaint failed to allege with specificity any nonconclusory facts what the CRAs reported or how inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable investigation);

---

[2] Exhibits 4 and 5, which are casually omitted from Plaintiff's Complaint, further counter Plaintiff's assertion that no investigation occurred. These exhibits show that Plaintiff's dispute was addressed as Plaintiff requested and in compliance with the FCRA.

10

*Shaunfield v. Bank of Am.*, No. 3:12-CV-3859-B, 2013 WL 1846885, at *2 (N.D. Tex. Apr. 24, 2013) (dismissing FCRA claim when the pleadings merely recited the elements of FCRA violation rather than supporting those allegations with adequate factual content).

### D. Plaintiff does not plead a violation of § 1681g.

EWS's motion to dismiss should be granted because the Complaint does not plausibly allege a violation of § 1681g. The Complaint does not allege that the Plaintiff ever requested a copy of his consumer file from EWS or include factual allegations to support such a claim. *See* 15 U.S.C. § 1681g (specifying that "every consumer reporting agency shall, upon request … disclose to the consumer: (1) All information in the consumer's file at the time of the request[.]"). Instead, Plaintiff mentions that EWS allegedly violated §1681g for the first time in Paragraph 42 by "failing to completely and accurately disclose to Plaintiff all information in Plaintiff's credit file when Plaintiff requested Defendant to investigate the subject debt…." Compl. at ¶ 42. However, this pleading does not allege that Plaintiff made a specific request for his "consumer file" to be shared with him. Nor does Plaintiff allege that any request was not satisfied. Because Plaintiff fails to make such allegations or support any such allegations with any factual support, EWS's motion to dismiss should be granted.

### E. Plaintiff's fails to plead damages necessary to state an FCRA claim.

Lastly, Plaintiff's claims should be dismissed because Plaintiff fails to plead the existence of cognizable and actionable damages under the FCRA. Section 1681o provides that consumer reporting agencies may be liable for actual damages, costs, and attorney's fees. *See* § 1681o. To sufficiently allege damages, Plaintiff's complaint must give some notice as to what the actual damages could be. While the FCRA is designed to ensure consumer reporting agencies collect information on individuals related to their credit eligibility and information is only released for

11

certain purposes and in a certain manner, "[t]he FCRA does not ... impose strict liability for errors or provide a means for merely correcting an erroneous report" *Akins v. Valley Proteins, Inc.*, No. 2:21-CV-193-Z, 2022 WL 2292729, at *8 (N.D. Tex. June 23, 2022) (quoting *Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697 (W.D. Tex. 1994)). Therefore, the FCRA provides a remedy for consumers who are actually damaged by a failure to comply with the Act's requirements." *Id.* "Actual loss or damage to the interests of another is, at least, a component of the cause of action based on negligence, and, in the absence of some other measure of damages, of intentional wrongs as well." *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 448 (5th Cir. 1998) (internal marks omitted). "Proof of damage is thus an essential part of" an FCRA case. *Id.*; *see also Pettus*, 879 F. Supp. at 697–98.

Dismissal of Plaintiff's claims is required because Plaintiff fails to plead this essential element. Plaintiff's complaint articulates that he seeks damages for the "expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, loss of the use of funds, and money expended meeting with his attorneys, monitoring his credit file, mental and emotional pain and suffering, and other frustration and aggravation associated with identity theft and possessing accounts that do not belong to him." Compl. at ¶ 24. These allegation are insufficient to state a claim for actual damages and Plaintiff does not specify with sufficient detail how these damages were attributable to EWS or how EWS acted negligently or willfully. *Redmon v. Equifax Info. Services, LLC*, No. 4:22-CV-2780, 2024 WL 1893598, at *3 (S.D. Tex. Apr. 30, 2024) (dismissing the plaintiff's complaint for failing to adequately allege damages by pleading the plaintiff suffered costs and expenses in dealing with [the defendant's supposed error], loss of credit, loss of ability to purchase

and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials."); *Bacharach v. Suntrust Mortg., Inc.*, No. CIV.A. 14-962, 2015 WL 6442493, at *3 (E.D. La. Oct. 23, 2015), *aff'd.* 827 F.3d 432 (5th Cir. 2016) ("Because Plaintiff alleges both a willful and a negligent violation of the FCRA, she must show she suffered actual damages because of Defendant's violation."); *Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697–98 (W.D. Tex. 1994) ([P]roof of damage is an essential element of an action under the FCRA."); *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 796 (N.D. Tex. 2014) (ruling allegations that the plaintiff was forced to pay a higher rate of interest and was denied credit were sufficient to plead actual damages ).  Therefore, because Plaintiff fails to allege factual support to substantiate any FCRA damages claims allegedly attributable against EWS, EWS's motion to dismiss should be granted.

## CONCLUSION

For the foregoing reasons, Early Warning Services, LLC respectfully requests that this Court dismiss Plaintiff's claims with prejudice and award it such further relief as the Court deems appropriate.

Dated: September 16, 2024            Respectfully submitted,

**EARLY WARNING SERVICES, LLC**

/s/ *Rachel B. Ommerman*
Rachel B. Ommerman (TX Bar No. 24041631)
(SDTX Bar No. 3825051)
Attorney in Charge
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Telephone: (470) 832-5571
Facsimile: (404) 885-3900
rachel.ommerman@troutman.com

*Counsel for Defendant Early Warning Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that this *Memorandum in Support of Defendant's Motion to Dismiss the Complaint* was electronically filed with the Clerk using the CM/ECF system, which will send notification to all counsel of record.

Dated:  September 16, 2024                               */s/ Rachel Ommerman*
                                                                                Rachel Ommerman

.